Taxes; income tax; allocation of partnership profits and losses; deduction of expenses concerning project under § 236 of the National Housing Act; setoff; summary judgment. — In this suit for refund of 1971 income taxes, the Internal Revenue Service (IRS) disallowed a claimed charitable deduction for 2 units of the 1970 homestake production program and asserted a deficiency. Plaintiff paid the tax deficiency plus interest, and brought this suit. In an amended answer, defendant raised 5 offsets. Four of the pleaded offsets have been dismissed; the 5th contests the validity of a 1971 deduction taken by plaintiff representing his distributive loss as a limited partner in Rosewood Manor Apartments (the partnership). The partnership constructed, and now owns and manages, a multi-family *795 housing project for low-income families in Roseville, Michigan. The project was constructed and is operated under the National Housing Act. After financing had been arranged and construction begun, the original partners amended their partnership agreement to provide for the admission of 2 limited partners, one of whom was plaintiff. On November 6, 1981, Trial Judge James F. Merow filed a recommended opinion (reported in full at 81-2 USTC ¶ 9761 and 48 AFTR 2d 81-6131) sustaining the validity of defendant’s 5th offset in amounts exceeding the refund claim asserted by plaintiff in this matter. The trial judge found that (1) under I.R.C. § 706(c)(2)(B), plaintiff could not retroactively allocate partnership losses occurring prior to his admission to the partnership; (2) such a retroactive allocation would also violate the general assignment of income prohibition; (3) a 2 percent initial financing fee charged the partnership by the mortgagee when the FHA initially endorsed the project should have been amortized over the 40-year period of the permanent financing and not the 1% year period of construction since the construction loan and permanent loan were in fact only one loan for a 40-year period; (4) a FNMA commitment fee was a contingent liability that should not have been claimed by the partnership as a current expense deduction; and, even if the FNMA fee were not contingent, the payment must be amortized over the life of the loan; (5) because the partnership incurred any FHA mortgage insurance expense prior to the entry of the limited partners, plaintiff is not allowed to claim this deduction in his share of partnership losses; (6) since the mortgage loan in this case is nonrecourse and not contingent, plaintiff may include his proportional share in the liability in computing his basis; and (7) plaintiff is not entitled to an additional deduction representing plaintiffs distributive share in property taxes that the partnership claimed in an amended return since plaintiff unduly delayed in asserting this issue by waiting until he submitted his brief in August 1980, to raise this additional deduction of which he had knowldedge since 1973. On January 26, 1982 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case, denied plaintiffs motion for summa *796 ry judgment, granted defendant’s motion for summary judgment, and dismissed the petition.